IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 22-cr-00213-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

 1. DARREN MICHAEL CONNOLLY,

 Defendant.

---

**ORDER DENYING MOTION FOR SEPARATE TRIAL ON COUNT THREE**

---

This matter is before the Court on Defendant Darren Connolly's Motion for Separate Trial on Count Three. (Doc. # 81.) For the following reasons, the Motion is denied.

### I. BACKGROUND

On June 16, 2022, the Government initiated this case by filing a Criminal Complaint against Connolly alleging aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2113(a) & 2. (Doc. # 1.) The Government alleges that Connolly, carrying a shotgun, and codefendant Trujillo, carrying an AR-15 pistol, robbed a credit union in Colorado on June 15, 2022. (Doc. # 85 at 2.) After the robbery, the Government contacted state parole, which informed investigators that Connolly was on parole, that he was wearing a GPS bracelet, and that the GPS bracelet was at or inside the credit

union during the time of the robbery. (*Id.*) Connolly was arrested at his residence the next day, and officers found the shotgun and AR-15 pistol at the residence. (*Id.*)

In the Second Superseding Indictment, Connolly is charged with: Count One, aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2113(a) & 2; Count Two, possessing and brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (2); and Count Three, possession of a weapon by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. # 35.) The Second Superseding Indictment also charges two codefendants with various counts.

Connolly now moves to sever Count Three, felon in possession of a firearm, from the remaining Counts. (Doc. # 81 at 2.) He argues that his ability to get a fair hearing on the bank robbery and brandishing a firearm charges will be undermined if the jury hears evidence that he is a convicted felon who illegally possessed a firearm. (*Id.*) The Government opposes Connolly's Motion and argues that severance is not warranted because (1) Connolly has failed to demonstrate that he would suffer actual prejudice if all three counts are tried together, (2) the evidence in this case for all three charges is "overlapping and intertwined," and (3) considerations of efficiency and judicial economy weigh in favor of a single trial. (Doc. # 85.) After carefully considering Connolly's motion, the Government's response, and the applicable law, the Court agrees with the Government that severance is not warranted in this case.

## II. LEGAL STANDARD

Joinder and severance are governed by Federal Rules of Criminal Procedure 8 and 14. Under Rule 8(a), an indictment may charge multiple offenses if those offenses

"are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In this case, there does not appear to be any dispute that the charges were properly joined under Rule 8(a) because all three crimes occurred on the same date as part of the same common scheme or plan. Accordingly, the Court's analysis will focus on Rule 14. *See United States v. Hill*, 786 F.3d 1254, 1272 (10th Cir. 2015) (discussing the differences between Rule 8 and Rule 14).

Rule 14(a) permits the court to sever offenses if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). To prevail on a motion to sever, a defendant must demonstrate that joinder would cause "actual prejudice to his defense that outweighs the expense and inconvenience of separate trials." *United States v. Thomas*, 849 F.3d 906, 911–12 (10th Cir. 2017). To show "actual prejudice," a defendant must establish that "there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Such a risk is not established by merely alleging that a separate trial would offer a better chance of acquittal or by complaining of the "spillover effect" from the evidence pertaining to different charges. *United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005).

When ruling on a motion to sever, the Court "must weigh the prejudice caused by the joinder against considerations of economy and expedition in judicial administration." *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). The decision of whether to

sever is a matter within the Court's sound discretion. *United States v. Rogers*, 652 F.2d 972, 976 (10th Cir. 1981).

### III.   DISCUSSION

Connolly primarily argues that severance is warranted because tying the bank robbery and brandishing a firearm counts together with the felon in possession count would be "extraordinarily prejudicial" to his ability to defend against the bank robbery and brandishing a firearm counts, and vice versa. (Doc. # 81 at 3.) Connolly points to several cases from other circuits in which courts have acknowledged that felon in possession charges present special prejudice concerns in the joinder context because, absent severance, the jury would hear evidence of a defendant's prior felonies that would otherwise be inadmissible. *See, e.g.*, *United States v. Huntsberry*, 956 F.3d 270, 287 (5th Cir. 2020); *see also United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999) ("[C]ourts typically hold that 'joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure.'" (quoting *United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994))). In line with these principles, Connolly argues that if the jury is permitted to hear that he is a convicted felon, "there is a serious danger that jury would 'convict [Mr. Connolly] because he is a 'bad guy' or convict because 'he committed a crime before and probably did this one too.'" (Doc. # 81 at 5–6) (quoting *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996)).

Although the Court is mindful of the concerns relating to joinder of felon in possession charges, the Court is unpersuaded by Connolly's citations to other circuits. The Tenth Circuit has repeatedly held that felon in possession counts may be tried with

4

other counts especially where, as here, the felon in possession count is factually connected to the other counts due to the defendant's own conduct. *See United States v. Jones*, 213 F.3d 1253, 1260–61 (10th Cir. 2000) (finding no prejudicial joinder of felon in possession charges and armed bank robbery charges because "the relationship of the charges clearly grew out of [defendant's] own conduct"); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983).

More significantly, the Court finds that Connolly has failed to establish that he would suffer "real prejudice" if the charges in this case are tried together. Connolly provides no authority for his assertion that his prior convictions are inadmissible in relation to the bank robbery and possessing and brandishing a firearm charges. (Doc. # 81 at 5.) As the Government correctly observes, evidence of Connolly's prior convictions is likely admissible to prove that Connolly possessed and brandished a firearm in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A); Pattern Crim. Jury Instr. 10th Cir. 2.45.1 (2021). The Tenth Circuit has set out a list of non-exhaustive factors for determining whether a firearm was possessed in furtherance of a crime of violence, and one of those factors is "the status of the possession (legitimate or illegal)." *United States v. Basham*, 268 F.3d 1199, 1207 (10th Cir. 2001). Accordingly, one way the Government may prove that element is by introducing evidence that Connolly was legally barred from possessing firearms and therefore did not have some other, legitimate purpose for possessing such weapons. *See id.*; *see also United States v. Bustos*, 303 F. App'x 656, 668 (10th Cir. 2008) (unpublished) (concluding that "the illegal status of a defendant's firearm possession has probative value in terms of

determining if that possession was in furtherance of a drug trafficking crime" under 18 U.S.C. § 924(c)(1)(A)). Connolly offers no authority to suggest that such evidence would be excluded if the Court held separate trials. As such, he has failed to demonstrate that severance would prevent the jury from hearing about his prior convictions.

Even if Connolly could establish that his prior convictions would be inadmissible in a trial on Counts One and Two only, the Court finds that he has failed to show that he would suffer "actual prejudice" if all three Counts were tried together. *Thomas*, 849 F.3d at 911. Connolly has not demonstrated a "serious risk" that trying the charges together "would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Rather, Connolly argues only that there "is a serious danger" that the jury would convict him because "he is a 'bad guy' or convict because 'he committed a crime before and probably did this one too.'" (Doc. # 81 at 4–5) (quoting *Nguyen*, 88 F.3d at 815). Connolly's argument that evidence of one charge might have a "spillover effect" on the jury's determination of other charges is insufficient to warrant severance. *Small*, 423 F.3d at 1182.

Further, the jury will be instructed regarding the elements of each offense charged, and Connolly will have the opportunity to propose limiting jury instructions with respect to any evidence that is relevant to one charge but not others. *See Zafiro*, 506 U.S. at 539 (noting that prejudice "can be cured with proper instructions, and 'juries are presumed to follow their instructions'" (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987))). The Tenth Circuit has recognized that such instructions are sufficient to prevent prejudice to a defendant of a prior conviction. *See, e.g.*, *United States v. Roe*,

6

495 F.2d 600, 604 (10th Cir. 1974) ("The court's instruction limiting the consideration of proof of the previous conviction to the third count, together with similar reference in the general instructions, was adequate to protect the accused from prejudice on the first two counts."). Prejudice may also be mitigated by the Government's offer to enter into a modified stipulation as to the existence of the prior felony convictions to avoid any undue emphasis on those convictions at trial. (Doc. # 85 at 7.)

Finally, the Court finds that Connolly has failed to show that any prejudice "outweighs the expense and inconvenience of separate trials." *Thomas*, 849 F.3d at 911. Because all three Counts rely on the same or similar facts arising from the same act or transaction, two trials would require largely duplicative evidence and testimony. *See United States v. Adams*, 418 F. App'x 688, 692 (10th Cir. 2011) (unpublished) ("Even if there were some prejudice to be found here, it would not outweigh the cost of saddling the court, parties, and witnesses with separate trials requiring presentation of repetitious evidence and testimony."). The Court therefore finds that judicial economy weighs in favor of trying all three Counts together.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Darren Connolly's Motion for Separate Trial on Count 3 (Doc. # 81) is DENIED.

DATED:  February 10, 2023

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge
